**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HEATHER ALDRIDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.  11 C 3041** |
| | ) | |
| **v.** | ) | **Magistrate Judge Susan E. Cox** |
| | ) | |
| **LAKE COUNTY SHERIFF'S OFFICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This case involves claims of sex discrimination in the hiring of female deputies in the Lake

County Sheriff's office and in creating and maintaining a hostile work environment for women. The

present dispute, however, is that defendant has either failed to provide proper Federal Rule of Civil

Procedure 30(b)(6) designees, or, that it did not adequately prepare its designees to testify on the

designated topics. And now discovery is over. As a result, plaintiff is seeking sanctions in the form

of attorneys' fees and the preclusion of certain testimony at trial.  Plaintiff's motion is granted in part

and denied in part [dkt. 37]. The issue for us is to what extent defendant was required to prepare its

designees, and did not, and the proper relief for its conduct.

I.      **Analysis**

        The pertinent background for this motion dates to March 2012 when defendant presented

Chief David Godlewski as the sole designee in response to plaintiff's notice of deposition on 13

distinct topics. Plaintiff provides a detailed history of that first deposition with Chief Godlewski in

her motion. But for brevity we note simply that, after plaintiff complained to defendant regarding

the many ways that Chief Godlewski's deposition was deficient, defendant agreed to produce

additional Rule 30(b)(6) designees. This second Rule 30(b)(6) deposition is at the heart of this

dispute because, though it included six more individuals - including those that Chief Godlewski

himself had testified would be more knowledgeable on certain topics - plaintiff still argues that she

has insufficient information on the majority of her noticed topics.

A Rule 30(b)(6) witness may testify to matters within his or her personal knowledge but also

may testify to "matters known or reasonably available to the organization."[1] Courts have explained

that to mean a witness "'testifies 'vicariously,' for the corporation, as to its knowledge and

perceptions.'"[2] This flexibility in the rule was designed to curb corporate officers or managers from

each disclaiming knowledge known to persons within the organization but also to protect

corporations from having an unnecessarily large number of their officers or agents be deposed.

**A.      Deposition Testimony**

We agree that defendant itself admitted to the inadequacy of Chief Godlewski as its initial

designee, which is why it attempted to cure the problem by presenting six more witnesses. What we

have to sort through now is plaintiff's claim that though these additional designees covered some

of the 13 topics that Chief Godlewski could not, they were not able to testify to *all* of the topics.

Specifically, plaintiff argues inadequate production, or no Rule 30(b)(6) designee, for all topics

except topic I (special duty K9 unit), topic VI (the practical and technical operation of the dispatch

system), and topic X (the policies and procedures relating to Property Control). In response,

defendant argues that: the rule does not require it to produce the "person most knowledgeable;" there

---

[1]Fed.R.Civ.P. 30(b)(6).
[2]*Sara Lee Corp. v. Kraft Foods Inc.,* 276 F.R.D. 500, 503 (N.D. Ill. 2011)(quoting *Brazos River Auth. v. GE Ionics, Inc.,* 469 F.3d 416, 434 (5th Cir. 2006)).

were some questions that cannot be answered by any designee, and; as to certain topics, plaintiff had already obtained the information she sought through other depositions.

To better understand the testimony given, and the deficiencies, we review the five witnesses profiled in plaintiff's motion: (1) Robert Szarzynski; (2) Jeffrey Burklin; (3) Christopher Thompson; (4) Lisa Robin; and (5) Kevin Lyons.

**Robert Szarzynski**

Robert Szarzynski, the Assistant Director of Human Resources for defendant, was designated to testify on the "hard" copy of plaintiff's performance log (as plaintiff puts it), or, the electronic performance measurement tool (as described by defendant). Plaintiff argues that Mr. Szarzynski could not answer a series of questions about the workings of the system, whether records could be changed or deleted, or how certain individual's initials would appear on the hard copy of the log. Defendant admits that, in fact, Mr. Szarzynski could not answer those questions, among others. Defendant explains that the system was purchased in the early 2000s, the original vendor of the system was bought by another company that no longer supports the system and, therefore, defendant is left with an unsupported product. Apparently, no one in defendant's IT department understand the program or knows anyone who does.

"The mere fact that an organization no longer employs a person with knowledge on the specified topics does not relieve the organization of the duty to prepare and produce an appropriate designee."[3] A corporation in this scenario has an obligation to prepare an individual by having him or her review available materials or talk to others with knowledge.[4] A corporation, therefore, must

---

[3]*QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 277 F.R.D. 676, 689 (S.D. FL. 2012).
[4]*QBE Ins. Corp.,* 277 F.R.D. at 689.

"create an appropriate witness" from information available.[5] But, conversely, if a corporation "genuinely cannot provide an appropriate designee because it does not have the information, cannot reasonably obtain it from other sources and still lacks sufficient knowledge after reviewing all available information," its obligations under the Rule cease.[6]

We have no way of knowing to what extent defendant could, or could not, prepare an appropriate designee on the inner workings of a system that, from defendant's account, will soon be obsolete. But it does seem possible for defendant to have done some due diligence in obtaining answers to plaintiff's questions, for example, on how a specific person's initials came to be printed on plaintiff's performance log. In fact, the person whose initials were recorded on plaintiff's log, Deputy Chief Kevin Parker, was already deposed by plaintiff weeks prior. But defendant did not produce Deputy Parker in response to plaintiff's 30(b)(6) notice. And plaintiff correctly notes that defendant cannot claim that it has complied with Rule 30(b)(6) simply because other witnesses - not produced in response to plaintiff's Rule 30(b)(6) notice - *could* offer testimony on the noticed topics. Of course whether plaintiff actually obtained this information from Deputy Parker would go to any analysis of prejudice, which is relevant to this motion for sanctions.

**Jeffrey Burklin**

Jeffrey Burklin, who is responsible for information technology for the Sheriff's Office, was designated to respond to questions regarding defendant's electronic record keeping, record retention, and back ups. Plaintiff explains that Mr. Burklin was able to testify to desktop units used by defendant and maintaining certain databases. But he could not speak to any document retention policies or provide information on data in certain electronic software systems. Mr. Burklin also

---

[5]*Id.*
[6]*Id.* at 690.

could not testify about the systems used for salary information or payroll, which are maintained by "central IT" for all of Lake County.[7]

Defendant responds that Mr. Burklin is not responsible for entering data into any of the systems, just maintaining the systems. It is true that he properly testified to his role in maintaining certain systems. But plaintiff specifically sought testimony on "[r]ecord retention policies and actual practice of Defendant" and "[r]ecord keeping by Defendant of electronic and hard records, including policies and actual practice by Defendant."[8] Defendant does not dispute that Mr. Burklin, nor any of its other 30(b)(6) designees, were unable to cover these two topics.

**Christopher Thompson**

In Chief Godlewski's initial deposition, when asked about disciplinary actions involving plaintiff, Chief Godlewski indicated that Chris Thompson conducted these investigations and was likely "the most knowledgeable person" on this topic.[9] For the second deposition, then, defendant produced Lieutenant Thompson for this topic as well as for record keeping and document destruction activities. But when asked about these various topics plaintiff learned that Lieutenant Thompson: had done nothing to prepare for his deposition because he learned of it that same day; was not involved in the substance of disciplinary action involving plaintiff, and; was not "the most knowledgeable person" about records or record retention of hard copy documents or defendant's document destruction activities.

Defendant concedes that Lieutenant Thompson did not investigate certain topics that he was designated to speak to. Defendant then refers us to two other witness depositions: that of Deputy

---

[7]Burklin dep., def's resp., exh A, p. 79, dkt. 53-1.
[8]Notice of Dep., Pl's Mot., exh. C, topics VII and VIII.
[9]Godlewski Dep., p. 174-76, Pl's Mt, exh. N.

Parker and Troy Oldham. Defendant claims that these individuals already testified to certain disciplinary events plaintiff listed in her notice of deposition (thus, defendant argues that plaintiff did not need Lieutenant Thompson for this information). But, again, the purpose of a Rule 30(b)(6) witness is to present the organization's position on the listed topic and that person, then, provides binding answers on behalf of the organization.[10] The organization may adopt the testimony or position of another witness in the case, but it is still required to designate a witness who can testify that the organization's position "is that of another witness."[11] Defendant did not do that here.

Regarding the record retention policies of defendant, plaintiff argues that Lieutenant Thompson was not responsible for all of defendant's hard copy records or document destruction, arguing that he was not a proper designee. We reviewed his deposition, however, and note that he was able to answer many of plaintiff's questions as the individual who maintains "the records division," despite his concession that he was not fully prepared.[12]

**Lisa Robin**

Plaintiff agrees that Lisa Robin, as the Senior Evidence Officer for defendant, was an appropriate designee on the topic of defendant's property control policies generally. But plaintiff argues that because she had not prepared for the deposition, Ms. Robin could not speak to the handling of certain property linked to plaintiff (specifically, a plastic coyote at issue in the case).

Defendant disputes this characterization, claiming that Ms. Robin prepared for her deposition as evidenced by her testimony, "knowing I was coming down here I looked up the case to see what the chain of custody was, so yes, I do know."[13] We agree with defendant that it complied with the

[10]*QBE Ins. Corp.,* 277 F.R.D. at 688.
[11]*QBE Ins. Corp.,* 277 F.R.D. at 691.
[12]Thompson Dep. at 97, 103.
[13]Robin Dep., p. 167, Def's Resp., exh. A, dkt. 53-1.

rule in that Ms. Robin "reviewed the Property Control policies,"[14] and when asked if she was the most knowledgeable about topic X and the subject matters related to property controls, she responded affirmatively.[15] While the "most knowledgeable person" about the chain of custody may, ultimately, have been Ms. Robin's colleague because he took the plastic coyote into evidence and released it,[16] the most knowledgeable person is not required under the rule.[17] Ms. Robin also sufficiently prepared for the deposition by reviewing the case and talking to her colleague prior to her deposition.[18]

**Kevin Lyons**

Defendant produced Kevin Lyons, Director of Support Services, as its designee for plaintiff's topic "[f]emales employed by the Defendant as sworn deputies since 1968." Plaintiff argues that Mr. Lyons could only testify to payroll records from 2005 to the present, had no other information on female deputies, and no information from payroll prior to 2005. Plaintiff explains that defendant has more information on this topic because it received documents from defendant with information about female sworn deputies employed by defendant between 1968 and 2005.

Defendant generally responds that Mr. Lyons could only speak to information after 2005. Defendant does not explain why it was unable to locate an individual, or properly prepare an employee, to testify to specifics like hire dates, highest rank attained, and reason for departure.

---

[14]Robin Dep., p. 153, Def's Resp., exh. A, dkt. 53-1.
[15]*Id.* at 152-53.
[16]Robin Dep., p. 167, Def's Resp., exh. A, dkt. 53-1(testifying that Mr. Senese, Ms. Robin's colleague, had personal knowledge of taking the plastic coyote into evidence, but because Ms. Robin reviewed the chain of custody prior to her deposition, she testified that she knew the item was released to Lieutenant Thompson).
[17]*QBE Ins. Corp.,* 277 F.R.D. at 688 (explaining the myriad of reasons why requiring the "most knowledgeable witness" would be illogical).
[18]*See id.*(stating that the witness/designee need not have any personal knowledge because a 30(b)(6) witness is "'free to testify to matters outside his personal knowledge as long as they were within the corporate rubric,'" citing *PPM Fin., Inc. v. Norandal USA, Inc.,* 392 F.3d 889, 894-95 (7th Cir. 2004)).

Without more explanation from defendant, we can only conclude that it failed in its obligation under the Rule.

**B.      Application of Rule 30(b)(6) Principles**

Absolute perfection is not required of a Rule 30(b)(6) witness.[19] But the corporation is obligated to "'make a conscientious good faith effort'" to designate a person with knowledge on the designated topics.[20] Perhaps more important here, the corporation has a duty to "'prepare those persons in order that they can answer fully, completely, unevasively, the questions posed'" by the discovering party.[21]

As we have noted, that did not happen in this case. First, defendant produced Chief Godlewski as its only designee for all of plaintiff's 13 topics, waited until the deposition was completed and the transcript prepared before conceding that he was not the proper designee for many of the topics, then agreed to produce six additional individuals. Yet defendant still failed to ensure that these new designees were prepared for their specific topics, with the exception of Ms. Robin and Steve Winnecke, whose deposition was not at issue here.

Even so, between Chief Godlewski and the six additional designees it is difficult to determine conclusively what topics have been partially covered, what has not been covered at all, and those topics that have simply not been explored to plaintiff's satisfaction. To award appropriate sanctions, that is required information. The Court's job is not to comb through the over 500 pages of deposition transcript to determine where plaintiff *may* be prejudiced.

On this point, defendant refers us to three topics not addressed at all by plaintiff: topic IV

---

[19]*QBE Ins. Corp.,* 277 F.R.D. at 691.
[20]*Wachovia Sec., LLC v. NOLA, LLC,* 248 F.R.D. 544, 547 (N.D. Ill. Feb. 14, 2008)(quoting *Buycks-Roberson v. Citibank Fed. Savings Bank,* 162 F.R.D. 338, 342 (N.D.Ill. June 29, 1995)).
[21]*Wachovia Sec., LLC,* 248 F.R.D. at 547.

(regarding the *Callahan v. Aldridge* lawsuit), topic XI (regarding special units and their functions) and topic XII (regarding recalls of certain equipment). Our own review shows that Chief Godlewski testified that he did not "have any direct knowledge of topic IV," and none of the six additional designees were, apparently, designated for this topic. So making note of this only refers us to another of defendant's deficiencies. Yet Chief Godlewski did testify that he was the "most familiar" with topic XI, though his preparation for the topic was based on institutional knowledge only.[22] Finally, Chief Godlewski testified that he was aware of topic XII and the recall of certain equipment, but stated that he was not involved in the recall, that Deputy Chief Parker was, and admitted that he did not talk to Deputy Parker in preparation for the deposition.[23] As we noted above, however, plaintiff has apparently deposed Deputy Parker as a fact witness. We can only speculate, then, as to whether - or how much - plaintiff was prejudiced by Chief Godlewski's limited responses.

Plaintiff requests attorneys' fees and costs for taking both 30(b)(6) depositions, the cost of the transcripts for both depositions, travel expenses, and to bar defendant from presenting evidence on any of the topics where no appropriate Rule 30(b)(6) designee was offered. Defendant does not provide anything more than a blanket request that we deny the motion in its entirety. Because the discovery cutoff, set by the district court, expired on April 2, 2012, the more commonly invoked sanction requiring defendant to produce yet another 30(b)(6) deposition witness is not available. Though the parties consented to this Court's jurisdiction on April 18, 2012, so extending the discovery deadline is within the Court's power. But no one has moved to extend discovery, nor has defendant offered to produce another, more prepared, witness on any of the topics.

Because plaintiff obtained at least some of the testimony it requested in its notice of

---

[22]Godlewski Dep., p. 174-76, Pl's Mt, exh. N.
[23]Godlewski Dep., p. 184, Pl's Mt, exh. N.

deposition, we grant plaintiff's motion only in part. Plaintiff is awarded costs and attorneys' fees for

the second Rule 30(b)(6) deposition and the costs associated with securing that transcript.[24] We find

that additional relief must extend as well because there are admittedly topics that defendant overtly

failed to cover when it provided its Rule 30(b)(6) witnesses. But the appropriate remedy is not to

bar testimony outright, especially where plaintiff has failed to support her motion with specific areas

of prejudice. Rather than specify on a topic-by-topic basis where sanctions are warranted, because

the ultimate relief is the same, we simply limit defendant to the answers testified to by its 30(b)(6)

witnesses. Regardless of whether defendant failed to prepare its witnesses, or whether there was a

genuine lack of knowledge, defendant will not be able to take a position at trial on those issues

where one of its Rule 30(b)(6) designees did not provide testimony.[25] Finally, defendant will be

prohibited from calling other witnesses on these topics. In other words, defendant is stuck with the

record it has created (which, we note, would appear to benefit plaintiff in several respects).

## II.    Conclusion

Plaintiff's motion for sanctions requesting attorneys' fees, travel expenses, the costs of

transcripts for both depositions, and to bar defendant from presenting evidence at trial is granted in

part and denied in part [dkt. 37]. The Court declines to bar defendant from presenting evidence at

trial but limits defendant's position at trial to the testimony provided by its Rule 30(b)(6) witnesses.

The Court grants plaintiff's motion in that plaintiff is awarded costs and attorneys' fees for the

second Rule 30(b)(6) deposition and the costs associated with securing that transcript. Plaintiff to

submit a petition for fees and costs on or before July 31, 2012.

---

[24]*See S.E.I.U. Local No. 4 Pension Fund v. Pinnacle Health Care of Berwyn, LLC,* 560 F.Supp.2d 647, 651 (N.D. Ill. 2008)(awarding sanctions, citing to a Third Circuit case where the party's production of a witness who was unprepared for the deposition - and lacked knowledge of subjects in the 30(b)(6) notice - also warranted sanctions).
[25]*See QBE Ins. Corp.,* 277 F.R.D. at 698.

**IT IS SO ORDERED**.

Date: <u>July 24, 2012</u>

_____

**Susan E. Cox**
**UNITED STATES MAGISTRATE JUDGE**