IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Heather Aldridge | ) | Case No: 11cv3041 |
|  | ) |  |
| v. | ) |  |
|  | ) | Judge Susan E. Cox |
| Lake County Sheriff | ) |  |
|  | ) |  |
|  | ) |  |

# ORDER

Defendant's motion *in limine* #5 [153] is denied. By agreement of the parties, the Plaintiff will not present evidence of disciplines related to Brian Winandy dated April 24, 2004 and October 1, 2004. In its motion *in limine*#5 Defendant makes a belated attempt to bar Plaintiff from presenting evidence of what she perceives to be similarly situated male employees. Plaintiff's Trial Exhibit 132 provides a summary of the names of deputies, the date of discipline, a description of the infraction, the General Orders violated, the discipline issued, and the special duty assignment, if any, of male Grade 1 Deputies who were assigned to the Highway Patrol Unit, like Plaintiff. The Court notes that the admissibility of this evidence went unchallenged at the summary judgment stage and was considered by the Court in its determination that genuine issues of fact existed that precluded summary judgment in Defendant's favor. At the summary judgment stage, Defendant's only reply was the same argument presented in the present motion *in limine* and that there was no evidence or foundation that these deputies are a comparator. Whether employees are similarly situated is a "flexible, common-sense, and factual" inquiry that requires enough similarity to allow for a meaningful comparison. *Coleman v. Donahoe*, 667 F.3d 835, 841 (7th Cir. 2012). Employees are similarly situated if they had the "'same supervisor, were subject to the same standards, and engaged in similar conduct….'" *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 690 (7th Cir. 2008) (quoting *Snipes v. Illinois Dept. of Corr.*, 291 F.3d 460, 463 (7th Cir. 2002)). In the case at bar, the deputies included in Exhibit 132 share these common elements with Plaintiff. The disciplines involved violations of the same policy that Plaintiff was disciplined for and the discipline was imposed by or reduced by the sheriff who disciplined Plaintiff, Sheriff Curran. Sheriff Curran was also allowed to consider past discipline, not imposed by him, in determining discipline for subsequent violations during his tenure. In its reply brief to the motion *in limine*, Defendant continues to argue that the other male employees must be members of the K-9 unit to be a proper comparator and cites to *Senske v. Sybase, Inc.*, 588 F.3d 501 (7th Cir. 2009). Despite this argument, it should be noted that Defendant itself offered comparators that held completely different ranks in its Rule 56.1 statement of undisputed facts. Defendant also raises a new argument that the other male employees must have also had the same economic loss as Plaintiff to be a proper comparator.

The Court rejects these arguments. *Senske* is inapplicable to the case at bar because there the plaintiff and the "similarly situated" employees were found to not be proper comparators because they were held to different standards and requirements. In the case at bar, as previously discussed, all of the deputies listed in Exhibit 132 and Plaintiff were subject to the same General Order. In addition, the economic harm to the parties is not a basis to find that employees are not similarly situated. Typically the entire premise of a discrimination claim is that the plaintiff has suffered a harm that other similarly situated employees have not, if the Court began using the harm suffered or the opportunity to experience the same harm to determine similarly situated employees there would be never be similarly situated employees. Therefore, Plaintiff may present this evidence as discipline of similarly situated employees. Defendant will be permitted to challenge this evidence and argue to the jury that these deputies should not be considered similarly situated. Plaintiff is ordered to revise Plaintiff's Trial Exhibit 132 in light her agreement to remove Brian Winandy from her list of comparators.

Date: 1/24/2014                                   /s/ Susan E. Cox_____
                                                  U.S. Magistrate Judge