IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HEATHER ALDRIDGE,                    )
                                     )
Plaintiff,                           )
                                     )
v.                                   )          11 C 3041
                                     )
LAKE COUNTY SHERIFF'S OFFICE,        )          Magistrate Judge Susan E. Cox
                                     )
Defendant.                           )

## JURY INSTRUCTIONS

FILED

FEB 05 2014

MAGISTRATE JUDGE SUSAN E. COX
UNITED STATES DISTRICT COURT

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

In this case, of the defendant is a county office. All parties are equal before the law. A county office is entitled to the same fair consideration that you would give any individual person.

Defendant is a county office and can act only through its employees. For purposes of this case, the individual deputies, sergeants, lieutenants, deputy chiefs, chiefs, undersheriffs and the sheriff are employees of the Lake County Sheriff's Office.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct and circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

☐        the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

☐        the witness's memory;

☐        any interest, bias, or prejudice the witness may have;

☐        the witness's intelligence;

☐        the manner of the witness while testifying;

☐        and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may consider statements given by a Party or a Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other statements, the law is different. If you decide that, before the trial, a witness made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

The parties agree that Plaintiff's Exhibits No. 71, 72, and 132 have been admitted into evidence and accurately summarize the contents of documents and records. You should consider these summaries just like all of the other evidence in the case.

Two demonstrative exhibits have been shown to you. Those demonstrative exhibits, replicas of the coyote in question (Defendant's Exhibit 27, and Plaintiff's Exhibit 143), are used for convenience and to help explain the facts o f the case. They are not themselves evidence or proof of any facts.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff claims that she was removed from the K-9 unit and suspended for 3 days without pay by Defendant because of her gender. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that she was removed from the special duty K-9 unit by Defendant because of her gender. To determine whether Plaintiff was removed because of her gender, you must decide that Defendant would not have removed Plaintiff if she had been male but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved that Defendant removed Plaintiff from the K-9 unit and suspended her for 3 days without pay because of her gender.

If you find that Plaintiff has proved any of her claims against the Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove her claims, then you will not consider the question of damages.

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages, overtime and benefits. The court will calculate and determine any damages for past or future lost wages, overtime and benefits should you return a verdict for Plaintiff. You should consider the following type of compensatory damages, and no others:

The mental/emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

The verdicts must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

## TITLE VII - VERDICT FORM

### VERDICT

1. Did Defendant discriminate against Plaintiff because of her gender (female) when it removed her from its K9 Special Duty Unit and suspended her for 3 days without pay?

   Answer Yes or No:

   *(If you answered "Yes" to Question 1, continue to Question 2. If you answered "No" to Question 1, sign and return this verdict form.)*

2. Has Plaintiff suffered emotional pain and mental anguish as a result of Defendant's actions?

   Answer Yes or No:

   *(If you answered "Yes" to Question 1, continue to Question 3. If you answered "No" to Question 2, sign and return this verdict form.)*

3. What amount will fairly compensate Plaintiff for her emotional pain and mental anguish as a result of Defendant removing her from its K9 Special Duty Unit and suspending her for 3 days without pay?

Foreperson

_____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date:_____

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.